WEST BAY EXPLORATION COMPANY v AMOCO PRODUCTION
COMPANY (ON REMAND)

Docket No. 94223. Submitted July 30, 1986, at Lansing. Decided
October 8, 1986. Leave to appeal denied, 428 Mich —.

West Bay Exploration Company and others filed suit against
Amoco Production Company and others in Kalkaska Circuit
Court· seeking to quiet title to the mineral rights to certain
land located in Kalkaska County. The trial court, William A.
Porter, J., entered a judgment in favor of plaintiffs. Defendants
appealed. The Court of Appeals, as part of its decision in
affirming the trial court's judgment, deferred to the trial
court's finding of fact that the governmental survey submitted
into evidence by the defendants established, contrary to defen-
dants' claim, that the section line between Section 13 of
Coldsprings Township and Section 18 of Blue Lake Township
crossed Big Twin Lake. 148 Mich App 197 (1986). The trial
court's decision was contrary to defendants' claim that the
section line was established by the meander of the lake and
that the lake and the subject gas well bottom hole was there-
fore just as much in Section 13 as in Section 18. Defendants
sought leave to appeal to the Supreme Court, which, in lieu of
granting leave to appeal, vacated the Court of Appeals decision
and remanded the case to the Court of Appeals for reconsidera-
tion in light of the portion of the record on appeal that was not
considered by the Court of Appeals in reaching its decision. 425
Mich 878 (1986).

On remand, the Court of Appeals *held:*

Plenary review of the relevant exhibits shows that the trial
court correctly found that the section line crossed Big Twin
Lake and did not, as defendants assert, follow the meander of
the lake. Defendants' argument that the subject gas well and
production unit does not lie entirely in Section 18 because the
lake is neither in Section 18 nor in Section 13 is without merit.
The decision of the trial court, including its decision as to the
gas well, is affirmed.

Affirmed.

*Mika, Meyers, Beckett & Jones* (by *John C.
Jones*), for plaintiffs.

*Lynch, Gallagher, Lynch, Shirley & Martineau* (by *William J. Shirley*), for defendants.

ON REMAND

Before: HOOD, P.J., and MACKENZIE and GRIBBS, JJ.

PER CURIAM. In our previous opinion in this case, reported at 148 Mich App 197; 384 NW2d 407 (1986), we deferred to the trial court's finding of fact in regard to the West Big Twin Lake 5-18 well, that the governmental survey submitted into evidence by the defendants established, contrary to defendants' claim, that the section line between Section 13 of Coldsprings Township and Section 18 of Blue Lake Township crossed Big Twin Lake. The trial court's decision was contrary to defendants' claim that the section line was established by the meander of the lake and that the lake and the subject well bottom hole was therefore just as much in Section 13 as in Section 18. However, by order dated July 23, 1986, the Supreme Court vacated our judgment and remanded to this Court "for reconsideration in light of the portion of the record on appeal that was not considered by the Court in reaching its decision." 425 Mich 878 (1986). Plenary review of the relevant exhibits, now that the parties have supplied them to this Court, convinces us that the trial court correctly found that the section line crossed Big Twin Lake and did not, as defendants assert, follow the meander of the lake.

Defendants' contention that the Big Twin Lake 5-18 producing well caused their lease to remain in force as to the subject 120 acres (Area "E" on Appendix A found at 148 Mich App 210) in Section

13 is predicated upon the erroneous argument that the land surrounding Big Twin Lake was meandered in the original government survey. While defendants posit that the eastern boundary of Section 13 is not the section line but rather is the meandered western shoreline of the lake, defendants' exhibit 127 clearly demonstrates that the section line between Section 13 and Section 18 cuts across rather than meanders the western shoreline of the lake. Exhibit 127 is the 1839 government survey and field notes for Coldsprings Township. Appendix "A" shows the contested area and surrounding environs of Coldsprings Township and Blue Lake Township.

The surveyor's field notes show that he proceeded north on the east side of Section 24 (of Coldsprings Township) "To a Lake & Hemlock 30 in for Meander post on South Side." The surveyor then proceeded, "North on East Side Section 13 to point of Land & Set Meander post." The field notes continue: *"To Same Lake & Hemlock 18 in for Meander post on N. Side By Trigonom."* (Emphasis added.)

From the 1839 survey it appears that Big Twin Lake and Little Twin Lake were at the time connected and the first reference to the "Lake" in the field notes under Section 24 is to the southern shore of what is now Little Twin Lake. The point referred to in the field notes was a spit of land at the narrows then connecting Little Twin Lake and Big Twin Lake. The spit divided the north shoreline of Little Twin Lake from the south shoreline of Big Twin Lake. The surveyor's notes and the survey map clearly show that from the spit of land and the meander post on the south side of what is now Big Twin Lake, the surveyor proceeded to survey the section line between Section 13 and Section 18 over the lake to a meander point on the

north side of Big Twin Lake by means of trigonometry.

We find the survey map and accompanying field notes are conclusive to establish that the section line was not meandered along the shoreline and instead crosses Big Twin Lake as the trial court found. Accordingly, we conclude that defendants' argument that the 5-18 well and production unit does not lie entirely in Section 18 because the lake is neither in Section 18 nor in Section 13 is without merit. Clearly, the bottom hole location of the well, which the parties agree determines the location of the well since that is where production occurs, is located in Section 18.

Based upon the judge's factual finding, which was correctly based upon the trial exhibits which the parties had not previously supplied to this Court, the trail court accurately stated: "[N]o activity related to the West Big Twin Lake 5-18 well could serve to affect the lease on section 13 at any time." Therefore, the decision of the trial court as to the 5-18 well is affirmed. On all of the other issues, we affirm the decision of the trial court for the reasons that were fully set forth in our original opinion in this case.

Affirmed.